the parties may be driven into a court of equity, to ascertain their respective rights, yet if upon the whole it appears, that the judgment debtor had a nominal interest only in the fund, I do not think that the authorities which are cited show, that a greater interest can be conveyed under the execution, and if the partnership be insolvent, that any interest can be conveyed. In Fox v. Hanbury, Cowp. 445, Lord Mansfield says: "No person deriving under a partner can be in a better condition than the partner himself;" and he cites with approbation the opinion of Lord Hardwicke, in Skip v. Harwood [West v. Skip, supra], from his manuscript note. "If a creditor of one partner take out execution against the partnership effects, he can only have the undivided share of his debtor, and must take it in the same manner the debtor himself had it, and subject to the rights of the other partner." The same doctrine is explicitly avowed in the court of exchequer, in Taylor v. Field, 4 Ves. 396, where the court say, "the right of the separate creditor under the execution depends upon the interest each partner has in the joint property. With respect to that, we are of opinion, that the corpus of the partnership effects is joint property, and neither partner separately has any thing in that corpus; but the interest of each is only his share of what remains after the partnership accounts are taken." Vide King v. Sanderson, Wightw. 50; same effect even against the king. Vide, also, Waters v. Taylor, 2 Ves. & B. 299. And in Pierce v. Jackson, 6 Mass. 242, which, since the argument, I have had an opportunity of consulting, these principles seem fully adopted. In that case the court held, that a creditor of a partnership was entitled to payment before a creditor of one partner only, although the latter had made the first attachment. The case then put by counsel, admitting it to apply to the present, does not prove all that it was supposed to do. But it will be recollected, that in such case the other partner has his remedy at law, as well as in equity; that he may bring his action against the sheriff, if he sell more than the debtor's moiety. In the present suit, no such remedy lies. If the trustee be adjudged responsible in this suit, there would seem to be a complete severance of the partnership debt; at all events, he could be held, as a debtor to the partnership, only for the remaining moiety. And it may be doubtful, if the judgment creditor could be obliged to refund, when the money had been adjudged to him by the regular judgment of the court; at all events, in states where no court of equity exists, the case would be attended with many embarrassments. I consider that the present is a process in the nature of a bill in equity, to reach the funds of a debtor, and subject to all the liens and equities between the original parties; and in order to do complete justice, it is necessary that all proper parties should be before the court. If the other partner had been sued as a trustee, and upon his disclosure it had clearly appeared, that the partnership was solvent, and that Gorham was a creditor to the fund, some of the difficulty of the case would have been obviated. Perhaps even then it might deserve consideration, how far the separate funds of one partner should, under this process, be applied in the first instance to discharge debts of a partnership, which was not shown to be solvent, nor the partner a debtor thereto. However I give no opinion on this point. In the present case I am satisfied, that the trustee ought not to be charged.

I feel pleasure in adding, that my present opinion is fully supported by the decision of the supreme court of Massachusetts, in Fisk v. Herrick, 6 Mass. 271.

Let the trustee be discharged, with costs.

By the statute of Rhode Island (1 Laws, 208), a foreign attachment issues only in cases, where the debtor resides out of the state, or conceals himself therein; and by section 3, "if it shall appear by the oath of the person or persons, who have been served with the copy of any writ as aforesaid, that he or they have not any of the personal estate of the defendant in their hands, that then such action shall be dismissed, and the person, who shall appear to defend such suit, shall recover his cost."

THE COURT therefore ordered, that the writ should be dismissed; and awarded judgment "that the plaintiff take nothing by his writ."

LYNN (GOODWIN v.). See Case No. 5,553.

## Case No. 8,641.

### LYNN v. HALL.

[2 Cranch, C. C. 52.] [1]

Circuit Court, District of Columbia. July Term, 1812.

SET-OFF—SEPARATE DEBT OF ONE PARTNER.

The defendant cannot set off a separate debt of one partner against a partnership claim.

[This was a suit by Lynn, surviving partner of Lynn & Dodson, against Hall.]

The defendant offered to set off a claim against Dodson alone.

THE COURT (nem. con.) refused.

LYNN (MECHANICS' BANK v.). See Case No. 9,382.

LYNN (MECHANICS' BANK OF ALEXANDRIA v.). See Case No. 9,384.

LYNN (UNITED STATES v.). See Case No. 15,649.

[1] [Reported by Hon. William Cranch, Chief Judge.]